**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CIVIL CASE NO.**

**EDWARD HOLLINS AND LAKESHA HOLLINS, AND KENDRICK DOUGLAS, JR., AS NEXT-OF-KIN, AND FOR AND ON BEHALF OF THEIR CHILD/GRANDCHILD, K.D., A MINOR**

*Plaintiff,*

**v.**

**THE SCHOOL BOARD OF VOLUSIA COUNTY, FLORIDA, A/K/A SCHOOL DISTRICT OF VOLUSIA COUNTY, FLORIDA, A/K/A VOLUSIA COUNTY SCHOOLS, a public school and Florida municipal and/or political subdivision, and Devon Staropoli,**

***Defendants*.**

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, **EDWARD HOLLINS AND LAKESHA HOLLINS, AND KENDRICK DOUGLAS, JR., AS NEXT-OF-KIN, AND FOR AND ON BEHALF OF THEIR CHILD K.D., A MINOR**, (hereinafter "Plaintiff(s)" or "K.D.") by and through his undersigned attorneys, and files this his Original Complaint against the Defendants, **VOLUSIA**

**COUNTY SCHOOL BOARD, a Florida municipal and/or political subdivision; ("Volusia") and DEVON STAROPOLI, individually as a District Mental Health Counselor at Volusia County Schools; (Staropoli) also at times, (**collectively "Defendants"), <u>and so states:</u>

## I.
## <u>JURISDICTION, VENUE, AND PARTIES</u>

1. This is an action to recover damages for unlawful detention and false arrest/false imprisonment, malicious prosecution, due process and equal protection violations, and a Monell claim, pursuant to U.S.C.§1983, the Fourth Amendment of the U.S. Constitution, and the Fourteenth Amendment of the U.S. Constitution, for damages Defendants caused Plaintiff while K.D. was a ten-year old African-American student at Volusia's *Holly Hill Elementary*, wherein Defendant Staropoli, an on-duty employee of Volusia, asked for a hug from this child, and then had him falsely arrested for sexual assault and/or battery for her false allegations of this child "groping" and "cupping" her "breast" after she turned to the side for the hug after he responded to her request and pursued her known false charge against this child. Volusia actively caused, engaged in, facilitated in, participated in, and ratified the unlawful detention, false arrest, false imprisonment of this child, and suspended him for ten days out-of-school suspension ("OSS") based on Staropoli's false and ridiculous

allegations, while denying his appeal of the OSS, despite K.D. denying the allegations and the alleged witness – another teacher present in the classroom at the time of the alleged incident -- stating she did not see K.D. touch the teacher's breast, and Staropoli admitting that she regularly goes around hugging on students.

2. This Court has original jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343(3) and (4).

3. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution, share all common operative facts with his federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

4. Venue is properly invoked under 28 U.S.C. § 1391(b) insofar as the unlawful conduct and acts giving rise to this Complaint occurred at Defendant's place of business/school located in Deland, (Volusia County), Florida, and is the county both Plaintiff and Defendants reside, attend school, and/or were employed at/by Volusia at all times material hereto.

5. Plaintiff, K.D., is an African-American minor child and at all times

material hereto was a student at Holly Hill Elementary in Volusia County, Florida, in which county he also resides.

6. Defendant, VOLUSIA COUNTY SCHOOL BOARD, is a Florida municipal and/or political subdivision, was a school system whose principal office is in Deland (Volusia County), Florida, located at 200 North Clara Avenue, DeLand, FL 32720, in Volusia County, Florida, which employed Defendant Staropoli and Superintendent Carmen Balgobin who as the final decision-maker refused to hear or cause to be heard KD.'s appeal of Volusia's ten-day OSS, and approved Volusia's constitutional violations against K.D.

7. Volusia has an overwhelming history, custom, pattern, and practice of violating the due process and equal protection rights of its minority students based on race and/or disability, including through unlawful detention, false arrest and/or false imprisonment, and due process and equal protection violations, and even was under recent DOJ oversight for its punitive OSS of its minority students, and has multiple complaints of its staff physically assaulting its minority based on race and/or disabled students.

8. Defendant, DEVON STAROPOLI, was at all times pertinent hereto, an on-duty employee of Volusia working within the scope of her employment

as a District Mental Health Counselor, working at Volusia in Deland (Volusia County), Florida, and is otherwise *sui juris.*

9. Plaintiff has complied with all conditions precedent in filing this action.

## II.
## GENERAL ALLEGATIONS

10. Plaintiff renews and re-alleges paragraphs 1- 10.

11. At all times material hereto, Plaintiff, K.D. was a ten-year-old African-American student attending school in person at *Holly Hill Elementary*, which is a school in/of the Volusia County School Board/system, located in Volusia County, Florida.

12. K.D. is a member of a racially protected class because he is African-American.

13. At all times material hereto, Dr. Carmen Balgobin was the Superintendent and final decision-maker at Volusia, and member of Volusia's School Board. Balgobin is white.

14. At all times material hereto, Defendant Devon Staropoli was an employee of Volusia, employed as a District Mental Health Counselor, who worked and/or rotated through different schools in Volusia's school system. Staropoli is white.

15. At all times material hereto, Volusia had a written policy allowing students to appeal discipline, which included the right of students to

appeal discipline and for parental notification of the suspension within a specified time period of the action alleged by Volusia for suspension.

16. On October 24, 2022, K.D. was in attendance in his class at *Holly Hill Elementary*.

17. His classroom teacher was Ms. Victoria Summers. K.D. was in the fourth grade.

18. Staropoli was a mental health counselor who rotated working at different schools for Volusia, and on that day was working at *Holly Hill Elementary*, and was in K.D.' classroom.

19. Staropoli has a well-known history to Volusia and amongst the students of hugging kids and asking for hugs from/with the minor students at school.

20. On this particular day of October 24, 2022, Staropoli was in K.D.'s classroom, wherein his teacher Ms. Summers was also physically present.

21. Staropoli, per her usual hugging on the minor children at school, held out/extended her arms toward K.D. for a hug.

22. K.D. responded by approaching Staropoli for the requested hug.

23. As he reached out in response to her hug request, this grown adult Ms. Staropoli turned her body sideways into him, and then falsely and publicly accused this ten-year-old child of the sexually nefarious behavior of

"groping" and "cupping" her "breast."

24. She falsely accused K.D. of these alleged sexually-oriented acts to his teacher Ms. Summers, who called K.D. out of class into the hallway and questioned him.

25. K.D. denied the false allegations and was reasonably afraid and angry that he was being accused of these false allegations at school.

26. Ms. Staropoli also reported her false allegations to the principal at Volusia's *Holly Hill*, and Volusia called the police to arrest K.D., despite K.D.'s denial of the Staropoli's false explicit allegations against him.

27. The City of Holly Hill's Police Department ("HHPD") responded to the school.

28. K.D.'s classroom teacher, Ms. Summers, was alleged to be the only witness, and told police that she did not see K.D. commit the alleged acts by Ms. Staropoli. The police documented Ms. Summers statement in their police report.

29. Staropoli admitted to police that she hugs the minor children at school.

30. HHPD still charged K.D. with battery based on Staropoli's false accusations, and notified K.D.'s parents that they were required to bring K.D. to the police station.

31. At the time, HHPD only had the false allegations of Staropoli, as the

witness Ms. Summers told them she did not see those allegations occur, and K.D. denied the allegations.

32. Yet, HHPD proceeded with the charges against K.D.

33. HHPD was wearing body-worn-camera at all times material hereto.

34. This little kid K.D. was petrified of police and sought protection behind his grandmother when police approached him after he arrived at the police station.

35. Prior to Defendants' false allegations, K.D. had never been arrested, placed in police custody, detained by police, or required to appear at a police station in his life.

36. As the accusations against K.D. were false, the State Attorney and juvenile court eventually dropped the charge against K.D. within a relatively short amount of time.

37. Defendants caused and pursued legal action and criminal charges against K.D. for battery and/or sexual assault falsely, and without basis, justification, or probable cause, and only for the purposes of harassing, discriminating against, intimidating this child, and/or to cause him harm.

38. HHPD arrested, and/or detained and charged K.D. based only on the allegation of Staropoli, despite evidence to the contrary of the denial of K.D. and the witness Ms. Summers.

39. Volusia also suspended K.D. for ten days OSS for the false allegations by Ms. Staropoli, and despite K.D.'s denial of those allegations.

40. Volusia has a written disciplinary policy regarding suspending students, which includes notification of parents/guardians, meeting with parents/guardians, appeals to the Superintendent, and the time frame for those meetings and appeals.

41. Those policies ensure due process for students against adverse and/or penal discipline.

42. Its policy required that the principal meet with the parents within 24 hours of the OSS. Volusia did not meet with, request a meeting, inform of the right to a meeting, or schedule a meeting in any form with K.D.'s parents within the required time.

43. Volusia did not follow its disciplinary policy in relation to its discipline of K.D.

44. Volusia did not involve K.D.' s parents/guardians in its discipline of K.D. prior to suspending him, nor did Volusia notify K.D.'s parents until after it had already unlawfully suspended K.D.

45. Volusia did not notify K.D.'s parents/guardians that Volusia had called the police to the school to arrest this child K.D. for sexually deviant conduct falsely alleged by Ms. Staropoli.

46. Volusia's principal of *Holly Hill* did not meet with K.D.'s parents regarding its OSS of K.D. as required per its disciplinary policy.

47. Volusia took the white counselor Staropoli's false allegations as true without any basis in fact, over the word of its African-American student and despite the classroom teacher stating she did not see the alleged acts occur.

48. K.D. had never been suspended at Holly Hill prior to this OSS for the false allegations of Staropoli.

49. K.D. had never had any allegations of sexually touching any student or educator prior to Staropoli's false allegations.

50. Yet, Staropoli had known history to Volusia of hugging on minors.

51. K.D.'s parents appealed the unlawful OSS in writing, per Volusia's policy.

52. K.D.'s parent appealed directly to its Superintendent Balgobin in writing, through the NAACP, notifying Balgobin of the due process issues, false allegations, and unlawful arrest, who contacted an employee at the School Board who presented K.D.'s parents letter to Balgobin and Volusia.

53. Volusia has a policy that the Superintendent is required to hear those appeals within ten days.

54. The Superintendent is the final decision-maker, policy-maker, and chief

executive officer for Volusia. The Superintendent also sits on Volusia's School Board.

55. Balgobin refused to respond to the written appeal or hold any hearing or any other meeting with K.D.'s parents on that appeal, the suspension, or the false allegations by Staropoli.

56. Balgobin refused to reverse the suspension.

57. Balgobin refused to ensure Volusia ceased pursuing the false criminal charge it caused against this ten-year-old child.

58. Balgobin refused to cease Staropoli's hugging of minor children, including physically bringing them into her breast and/or breast area while hugging children, to ensure prevention of further false complaints as done to K.D. by Staropoli.

59. K.D. reasonably began to fear remaining at Holly Hills due to Volusia's unlawful acts toward him and false allegations.

60. K.D was publicly humiliated and embarrassed by Defendant's false sexually explicit allegations against him.

61. K.D.'s grades declined as a result of Defendant's false actions against him.

62. K.D.'s parents had to relocate him to a different school because of Defendants' actions against him.

63. K.D. had to undergo counseling due to Defendants' actions against him.

64. K.D. had to incur Attorney's fees due to Defendants' actions against him.

65. K.D.'s parents suffered mental anguish and pain, due to Defendants' actions against K.D. Volusia has a pattern, custom, policy, and/or practice of administering unlawful, unfounded, and unreasonably punitive OSS to its minority students based on race and/or disability, including OSS, due process violations, and equal protection violations.

66. Volusia has a pattern, custom, policy, and/or practice of its staff and/or educators unlawfully battering, inappropriately physically touching, its minority students based on race and/or disability.

67. At all times material hereto, its Superintendent Balgobin and School Board were on actual notice and aware of Volusia's unlawful conduct, pattern, policy, and/or custom, of those violations, but failed to put forth effort to cease Volusia's unlawful conduct.

68. *To wit*, at all times material hereto Volusia was under a Settlement Agreement with the U.S. Department of Justice for its punitive and unreasonable repeat OSS of its disabled students.

69. Prior to Volusia's unlawful acts against K.D., it had experienced a

serious incident of one of its white teachers publicly lifting from the ground and choking an African-American middle-student J.H. who had been attacked by a white student. Other students recorded it and stated that J.H. was about to pass out. It took another teacher physically causing that white teacher to let go before he would stop choking J.H. The choking was caught on video. Volusia retained that educator on its staff. J.H. has/had a separate lawsuit against Volusia. J.H. v. Volusia County, U.S Middle District Case No.: 6:25-cv-255-ACC-RMN. This is but one of many such cases of Black students being abused by white teachers/employees.[1]

70. Prior to the false allegations against K.D., the reputable publication of Daytona News had published multiple articles about Volusia's disparate treatment and discipline of its African-American students as opposed to similarly-situated white students.

71. Plaintiff suffered damages and adverse effects solely caused by Defendant's prohibited activity.

---

[1] The following are other cases, but not exhaustive, of black students or others student accused Volusia County School Board teachers of abuse and/or of misconduct cases as set forth herein, but not exhaustive are: K.S. v. Volusia Co. School Board; I.S. v. Volusia Co. School Board; Arin Hankerd Case (2023); Patrick Gingras Case (2025); Julio Padilla Case (2025); Joshua Leggett Case (2024); Keyunta Murphy Case (2017); Stephanie Peterson Case (2018); David Lee Davis Case (2018); Coach Bradley Case (2017-2018); Leslie Ross Jr. Case (2017); William Harvey Underhill (1994). No minors were identified in this footnote.

## III.
## FEDERAL CLAIMS

## COUNT I (FOURTH AMENDMENT)
## FALSE ARREST/FALSE IMPRISONEMENT, AND UNLAWFUL DETENTION:
## AGAINST DEVON STAROPOLI

72. Plaintiff incorporates and re-alleges paragraphs 1- 71 herein.

73. This claim is brought pursuant to 42 U.S.C. §1983 for violations of the Fourth Amendment to the United States Constitution which prohibits, among other things, arrests of citizens without probable cause and making, and causing citizens to be arrested based on false allegations and accusations.

74. Defendant STAROPOLI was at all times material hereto an employee of Volusia working within the scope of her employment as a District Mental Health Counselor. At all times material, Defendant STAROPOLI was acting under color of state law and granted authority by Volusia County or Holly Hills or the State of Florida. Defendant STAROPOLI is being sued in her individual capacity.

75. At the time of Defendant's activities in connection with the charge and arrest of K.D, Defendant violated Plaintiff's 4th Amendment Rights to be free of unreasonable searches and seizure. To this end, Plaintiff was charge and arrested as a pretext and without probable cause or arguable probable

cause based on the false and scurrilous accusations made against this child by STAROPOLI.

76. All unlawful conduct of STAROPOLI, including the false accusations levied against K.D. initiated false charges against him, and was the catalyst and reason that caused K.D. to be arrested without a warrant, and without Plaintiff's consent. In fact, all charges were summarily dismissed and dropped against Plaintiff. STAROPOLI acted intentionally, and callous and reckless disregard for Plaintiff's 4th Amendment rights.

77. The Defendant STAROPOLI knew or should have known that Allegations and accusations against K.D. were false, insofar as STAROPOLI initiated the contact with K.D., K.D. denied the accusations and did not even know what STAROPOLI'S accusations meant; that there was an adult witness that denied observing or witnessing any such conduct by K.D. As such, there was no legitimate basis accuse, charge and/or arrest Plaintiff and all unlawful, and illegal actions of STAROPOLI against Plaintiff were pretextual, based on false accusations and were not based on any violations of any laws by Plaintiff K.D., but instead, were lodged against Plaintiff due to his race.

78. As a direct and proximate result of STAROPOLI'S conduct K.D. sustained permanent damages and injuries, including emotional distress,

trauma and humiliation. The actions of Defendant STAROPOLI deprived Plaintiff of his constitutional rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. §1983, and specifically deprived K.D. of the constitutionally guaranteed rights and privileges, including the right and privilege to be free from the unlawful seizure of his person and falsely accused and charged with crimes he did not commit.

**WHEREFORE,** Plaintiff K.D. demands judgment against Defendant DEVON STAROPOLI for compensatory damages, punitive damages, costs, attorneys' fees under 42 U.S.C. 1988 and demands trial by jury of all issues so triable.

**COUNT II (FOURTH AMENDMENT)**
**MALICIOUS PROSECUTION**
**AGAINST DEVON STAROPOLI**

79. Plaintiff incorporates and re-alleges paragraphs 1- 71 herein.

80. This claims is being brought under the Fourth Amendment of the U.S. Constitution pursuant to 42 §U.S.C. 1983, which prohibits the government and/or its employees from maliciously prosecuting citizens, or retaliating against citizens for engaging in free speech and free expression, and charging, arresting, and prosecuting citizens without arguable probable cause or arguable probable cause.

81. On or about October 24, 2022, Plaintiff was wrongfully accused of

criminal conduct; arrested and subjected to a continued wrongful detention until his release as a result of intentional, false; and conduct of Defendant STAROPOLI; the lack of evidence of wrongdoing and lack of probable cause to arrest him as the accusations against him were false, fabricated and manufactured. Defendant STAROPOLI, in her individual capacity, initiated or caused a criminal proceeding against Plaintiff to be instituted. Plaintiff was charged with "Battery".

82. STAROPOLI falsely, intentionally or recklessly initiated, assisted, ordered or caused the arrest of K.D. without probable cause or arguable that he had been involved in any criminal activity whatsoever insofar as the accusations were fabricated and manufactured by her. Contrarily, Defendant knew that Plaintiff was not involved in, had not been involved in any criminal activity and had not sexually assaulted/battered her.

83. Plaintiff was arrested based on false, fabricated or manufactured allegations and accusations that were not based on reliable or credible evidence and was detained although it was obvious and clear based on the evidence in Defendant's possession and knowledge that probable cause or arguable probable cause did not exist to arrest, detain or continue to charge Plaintiff with offenses.

84. In fact, another teacher who were present during the interaction

between K.D. and STAROPOLI, and witnessed the incident, testified, and provided a statement, that she did not see, witness or observe K.D. engaging in any of the conduct he was accused of by STAROPOLI. Additionally, K.D. vehemently denied the allegations, and there were no corroboration of these accusations of STAROPOLI by surveillance or by any other witness or person present.

85. That the Assistant State Attorney dismissed all criminal charges against Plaintiff because there was no evidence that Plaintiff had committed any crimes. Defendant STAROPOLI acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property in her malicious prosecution of the Plaintiff or was deliberately indifferent to Plaintiff's civil rights when she caused Plaintiff to be arrested, detained and continued to be charged with crimes when she knew the charges would be and were false, fabricated and manufactured, and thus, without arguable probable cause or probable cause.

86. As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, Plaintiff K.D. was wrongfully charged, arrested and detained, was wrongfully and maliciously prosecuted, was forced to defend against criminal charges all resulting in the loss of liberty and

freedom, loss of enjoyment of life, loss of reputation, and humiliation.

**WHEREFORE,** Plaintiff K.D. demands judgment against Defendant DEVON STAROPOLI for compensatory damages, punitive damages, costs, attorneys' fees under 42 U.S.C. 1988 and demands trial by jury of all issues so triable.

**COUNT III (FOURTEENTH AMENDMENT)**
**EQUAL PROTECTION**
**AGAINST DEVON STAROPOLI**

87. Plaintiff incorporates and re-alleges paragraphs 1- 71 herein.

88. This claim is brought pursuant to 42 U.S.C. §1983 for violations of the Equal Protection Clause of Fourteenth Amendment to the United States Constitution which prohibits, among other things discrimination, punishment and unfair of students due to their race. The Equal Protection Clause of the 14th Amendment ensure equal protection under the law. If a school official's actions resulted in a violation of a student's rights, such as unfair disciplinary actions, unfair treatment, or discrimination such as alleged herein, the Equal Protection Clause of the 14th Amendment is impacted and violated.

89. Defendant STAROPOLI was at all times material hereto an employee of Volusia County working within the scope of her employment as a District Mental Health Counselor. At all times material, Defendant STAROPOLI

was acting under color of state law and granted authority by Dade County and/or the State of Florida. Defendant STAROPOLI is being sued in her individual capacity.

90. At the time of Defendant's activities in connection with the detention, false imprisonment/false arrest, and interrogation of K.D., Defendant violated Plaintiff's 14th Amendment Rights to be free of discrimination, mistreatment, harassment, and threats due to his race. To this end, Plaintiff was falsely accused of a crime; a crime that was not adequately or properly investigated; interrogated and detained without a parent present; imprisoned as he was forbidden leave without the authority and/or approval of School Officials, and ordered to appear at the Sheriff's Office, and was unable to leave, all without his consent; and without probable cause or arguable probable cause based on the false; unsubstantiated; and scurrilous accusations made against K.D. by STAROPOLI due to his race.

91. All unlawful conduct of STAROPOLI, including the false and unsubstantiated accusations levied against K.D. by STAROPOLI initiated the preceding violations of K.D.'S constitutional rights, and was the catalyst and reason that caused K.D. to be detained; falsely imprisoned; interrogated; searched; threatened; and arrested without a warrant, and without Plaintiff's consent and was due to his race.

92. But-for K.D. being African-American or black STAROPOLI would not have treated him in this discriminatory, racist and bigoted manner. STAROPOLI would not have treated a white or Latino student in this matter.

93. In fact, the accusations and allegations levied against K.D. were subsequently recognized; acknowledged; and deemed false and untrue and were summarily dismissed and dropped against K.D. STAROPOLI acted intentionally, and callous and reckless disregard for Plaintiff's 14th Amendment rights, including failing to do any actual investigation, which would have revealed K.D. was innocent at the outset.

94. The Defendant STAROPOLI knew or should have known that the false and scurrilous allegations and accusations against K.D. were false. None of which would have been done, but-for K.D. being African-American or Black. There was no evidence of K.D. actually involved in any wrongdoing, and no legitimate basis to accuse, detain, imprison; interrogate and/or arrest Plaintiff and all unlawful, and unfounded actions of STAROPOLI against Plaintiff were pretextual, based on false and scurrilous accusations and were not based on any violations of any laws by Plaintiff K.D.

95. Under the circumstances where there were school officials and security officers present, and intimidating K.D., he reasonably believed he was under arrest; and/or detained, and definitely not free to leave. K.D. would not have been treated with such disdain and disrespect had he had been white or Latino, and the conduct of STAROPOLI was due to K.D.'s race, as she has never treated a white or Latino student in this manner. Indeed, STAROPOLI intended to discriminate against K.D., and she acted with intentional and reckless, and callous disregard to the civil and constitutional rights of K.D. and her conduct was shocking to the conscious.

96. As a direct and proximate result of STAROPOLI'S conduct K.D. sustained permanent damages and injuries, including emotional distress, trauma and humiliation. The actions of Defendant STAROPOLI deprived Plaintiff of his constitutional rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. §1983, and specifically deprived K.D. of the constitutionally guaranteed rights and privileges, including the right and privilege to be free from the unlawful seizure of his person; falsely accused of crimes he did not commit; detained without his consent and/or parental approval; interrogated; and charged with crimes he did not

commit; harassment; verbal abuse; racial abuse; all due to his race, and in violation of the 14th Amendment.

**WHEREFORE,** Plaintiff K.D. demands judgment against Defendant DEVON STAROPOLI for compensatory damages, punitive damages, costs, attorneys' fees under 42 U.S.C. 1988 and demands trial by jury of all issues so triable.

**COUNT IV (FOURTEENTH AMENDMENT)**
**PROCEDURAL AND SUBSTATIVE DUE PROCESS VIOLATION**
**AGAINST VOLUSIA COUNTY**

97. Plaintiff incorporates and re-alleges paragraphs 1 – 71 herein.

98. Defendant is being sued in it official capacity.

99. Plaintiffs sue Volusia on behalf of their minor son K.D. for violation of procedural due process under the Fourteen Amendment to/ of the U.S. Constitution.

100. Under the Due Process Clause of the Fourteenth Amendment, persons are guaranteed the right to neutral and fair proceedings wherein their property rights, or rights to life or liberty, are at stake.

101. Pursuant to the due process clause, it is well-settled that students have existing substantive property rights in their education.

102. At all times material hereto, K.D. was a minor African-American or Black student attending Volusia's public elementary school, who had

existing property rights in his education.

103. Multiple times in violation of K.D's due process rights, both procedural and substantive, to be heard in protest, dispute, objection, and to appeal of Volusia's unlawful adverse suspension substantially adversely affecting K.D.'s existing property rights, and Volusia's own policies allowing its students to appeal discipline including suspensions, Volusia refused to allow K.D.'s parents to appeal its discipline of K.D. on his behalf; advise them of their rights to appeal Volusia's discipline against K.D.; and/ or to allow an appeal to be heard or move forward. This includes Volusia' s final decision and policy makers and enforcers.

104. Volusia even refused to involved K.D.'s parents in its disciplinary investigations to speak on/ in behalf of K.D-but instead Volusia, and the Holly Hill, without involving his parents in those substantially adverse decisions affecting his existing property interests in his education, despite their direct rights to be included in the investigations and decision making, and requests after the arbitrary and capricious unilateral suspension of K.D.

105. Volusia and Holly Hills refused to hear or acknowledge K.D.'s side of the story before or after issuing the OSS of K.D., despite his denials, and that testimony of another adult teacher who refuted the allegations

and accusations made against K.D. by STAROPOLI.

106. Volusia's repeated refusals to afford K.D. his opportunity and rights to dispute, appeal, and be heard regarding its suspension based on the false accusations levied against him which substantially and adversely affected his education - even in opposition to its own school policy - violated K.D' s rights to due process in his existing property interests in his education.

107. This violation also includes refusing to allow him to participate in adverse and penal investigations against him and give statements in his own defense when his parents have been provided first-hand information from him in the matter at issue and communicated that information to Volusia.

108. Volusia has blatantly intentionally, recklessly, and/ or with deliberate indifference, dismissed, ignored, violated, precluded, infringed, denied access to and benefits from, its services, programs, and policies, in relation to K.D.S rights.

109. Volusia's violations of K.D'S due process rights intensified after his parents complained about its noncompliance by refusing to intervene, protect, and ensure that these false charges against K.D. would be stopped/ceased, indeed, Volusia County, by omission and

commission, encouraged the continued persecution and prosecution of K.D.

110. In fact, even after K.D.'s parent contacted Volusia about its repeated violation of K.D.'s due process rights, Volusia doubled-down and still refused to K.D's parents any option to appeal or fight its decision.

111. Volusia, all the way to and through its final decision and policy makers and enforcers, failed to protect and ensure that K.D. was afforded his rights to due process under the Fourteenth Amendment and its own school policies to appeal and/ or grieve disciplinary actions.

112. Volusia has a known history, pattern, and practice, of unlawfully violating the rights of its African-American and Black students by denying them procedural due process; denying them the right to be heard when being disciplined; denying them the right to appeal decisions; denying them the right to have their parents informed and involved in decisions; denying them the right to be involved in investigations into claims against their children, as confirmed during the DOJ investigation.

113. Indeed, this history, pattern and practice is ratified, and acquiesced to by the decision-makers at Volusia, and in this case, Holly Hill, as the decision-makers specifically and personally make the decisions to caused, engaged in, participate in these due process violations, and in fact, the

decision makers agree to, or levy the suspensions, or disciplinary actions themselves as stated herein with respect to K.D., and there for the decision-makers all knew or should have known that its violations of K.D.s due process rights under the Fourteenth Amendment were being violated.

114. Volusia and its decisionmakers, including at Holly Hill, knew or should have known the suspension of K.D. based on false, fabricated, and false accusations, and then preventing K.D., the right to defend against these scurrilous allegations, would substantially adversely affect K.D.'s existing property rights in his education, mandatorily decrease his attendance in classroom education, activities, services, and programs, deny him participation, access, and benefits in, to, and from Volusia's programs, services, and activities, and deny him access to elementary public education.

115. K.D.''s parents were forced to retain counsel to advocate for K.D.'S due process right rights under the Fourteenth Amendment and Volusia's own policies.

116. Plaintiff would show that the actions of the above entities were under color of federal and state law and insofar as the Defendant Volusia and Holly Hill knew of these deprivations by the continuous, prior and constant complaints by K.D.'s parents, and other parents, particularly

parents of African-American or Black students, and these actions, omissions, failures by Defendant Volusia and Holly Hill were done with callous and deliberate indifference to Plaintiff's civil rights, and shocking to the conscious, in that these actions, omissions, failures, and policies ultimately resulted in the violation of Plaintiff's civil rights under the Due Clauses of the Fourteenth Amendment, including unlawfully and/or wrongly suspended.

117. The above-mentioned policies, customs, practices and/or procedures, all of which were the moving force behind and caused the injuries and damages complained herein, but are not limited to the following:

a. Based on the instant case, and prior incidents and cases, Defendant had/has a policy, custom, practice or procedure of failing to and refusing to allow black students fair, impartial and adequate due process hearing when they are disciplined, including not permitting them to call witnesses, or cross-exam witnesses, or challenge the lack of notice, to name of few deficiencies as set forth herein above.

b. Based on the instant case, and prior incidents and cases, Defendant had/has a policy, custom, practice or procedure of

failing to and refusing to follow School Board rules and procedures with respect to affording black students due process, including but not limited to, failing to provide proper notice; and right to appeal before termination, or reprimand, which inconstancy was a contravention of Defendant's own rules;

c. Based on the instant case, prior incidents and cases, Defendant had/has a policy, custom, practice or procedure of failing to and refusing to correct the record with respect to black students including of the result of investigations or hearing by refusing to or failing to report or document reduction in disciplines; or that the student did not violate any policy or commit any crime;

d. Based the instant cases, on prior incidents and cases, Defendant had/has a policy, custom, practice or procedure of failing to and refusing to issue black student the required suspension notice before suspending them;

e. Based on the instant case, and prior incidents, and cases, Defendant had/has a policy, custom, practice or procedure of failing to provide the required notice of right to appeal, or an

appeal, or the procedures before suspending them, or thereafter, or even in a timely manner;

f. Based on the instant case, and prior incidents, and cases, Defendant had/has a policy, custom, practice or procedure of failing to provide proper notice, and the opportunity to be heard and challenge the discipline of black students as what occurred in this case.

118. Alternatively, Defendant is still liable in that Defendant also ratified the violations of the Plaintiff's constitutional rights as described herein by approving and acquiescing to the decisions and the basis of the decision of the school officials involved in the incident and the violations of K.D's civil rights as described herein. To this point, the Defendant overtly and unequivocally accepted, approved and agreed to conduct of STAROPOLI and school officials and the investigation into this matter, both verbally and in writing. Moreover, the School Board has taken no disciplinary, investigative or administrative action whatsoever against those involved in the trampling of K.D.S', who was a minor/child at the time, civil rights, but instead, openly supported the conduct of STAROPOLI, school officials, and the employees involved, and continues to do so.

119. K.D. suffered substantial emotional distress and mental anguish due to

Volusia's violations of his due process rights.

120. As the direct and proximate result of Volusia's due process violations against K.D. under the Fourteenth Amendment, K.D. suffered academically, mentally, emotionally, physically, and financially.

**Wherefore**, Plaintiffs seek compensatory damages, Attorneys fees, and costs, against Defendant, pursuant to 42 U.S.C. § 1988.

**COUNT V (FOURTEENTH AMENDMENT)**
**EQUIAL PROTECTION VIOLATIONS**
**AGAINST VOLUSIA**

121. Plaintiff incorporates and re-alleges paragraphs 1- 71 herein.

122. The Defendant, VOLUSIA, independently and operating as HOLLY HILL ELEMENTARY SCHOOL while acting under federal and state law deprived Plaintiff, K.D. of his civil rights pursuant to the 42 U.S.C. §1983 and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution by condoning, practices, including inadequate training of teachers and administrators, regarding accusations of misconduct of and racial profiling of African-American and minority students and inadequate investigation of complaints by African-American and minority students of being falsely accused of misconduct, including in this case, and denying due process to African-American and minority students, and by having customs of failing to protect African-American and minority students from

being profiled, targeted, treated more harshly, refusing to properly investigate, refusing to provide due process to African-American and minority students and discriminating against African-American and minority students in violation of the Equal Protection Clause of the Fourteenth Amendment.

123. Indeed, in this case, Plaintiff and/or his parents made multiple requests for assistance from school officials at Holly Hill and Volusia regarding the fabricated, false, and manufactured allegations and allegations against K.D., and regarding K.D.'s due process rights to protect K.D. and to intervene to stop the persecution and prosecution this child was enduring as specified in paragraphs 1 through 71 above.

124. Plaintiff would show that the actions of the above entities were under color of federal and state law and insofar as the Defendant Volusia and Holly Hill knew of these deprivations by the continuous, prior and constant complaints by K.D.'s parents, and other parents, particularly parents of African-American or Black students, and these actions, omissions, failures by Defendant Volusia and Holly Hill were done with callous and deliberate indifference to Plaintiff's civil rights, and shocking to the conscious, in that these actions, omissions, failures, and policies ultimately resulted in the violation of Plaintiff's civil rights under the

Equal Protection Clause of the Fourteenth Amendment, including unlawfully and/or wrongly suspended.

125. The above-mentioned policies, customs, practices and/or procedures included, which were the moving force of the constitutional violations complained herein were but are not limited to, the following:

a. Unlawfully and illegally detaining Plaintiff based on false and scurrilous accusations without conducting any actual investigation into the accused act. To this end, Defendant had a history of and a policy, practice of custom, either written or unwritten, of permitting its school officials to falsely accuse students of crimes or wrongdoing without properly investigating the accused act due to, and but-for their race.

b. Unlawfully and illegally seizing, detaining, and interrogating students without obtaining evidence of any wrongdoing or crime by Plaintiff. To this end, Defendant has a history of and a policy, practice or custom, either written or unwritten, of permitting its school officials to unlawfully search, seize, and interrogate students without any determination that the student had engaged in any crime or wrongful act due to, and but-for their race.

c. Unlawfully and falsely arresting or imprisoning Plaintiff and interrogating him without parental presence or a student advocate, based on no evidence, or insufficient evidence. To this point, Defendant has a history of and a policy, practice or custom, either written or unwritten, of permitting its school officials to illegally, unlawfully and falsely arrest, imprison and/or detain and interrogate students without parental presence or student advocate present, even where the detention and interrogation is based on a

total lack of evidence and woefully inadequate investigation due to, and but-for their race.

d. Failing to conduct a proper, full, and adequate investigation into the allegations or accusations of criminal activity or misconduct by Plaintiff, which was made by STAROPOLI, which were patently false. To this point, Defendant has a history of and a policy, practice or custom, either written or unwritten, of permitting its school officials make false, fabricated, and/or manufactured accusations and allegations of crimes, wrongdoing, and/or misconduct by students and then failing to investigate those accusations and allegations when proven to be false, due to and but-for their race.

e. Failing to conduct a proper, full, and adequate investigation into parental or student complaints of misconduct of school officials such as the complaints made by the Hollins against STAROPOLI, for the mistreatment of Plaintiff, as well as the complaints regarding the lack of proper/adequate subsequent investigation into their complaints. To this point, Defendant has a history of and a policy, practice or custom, either written or unwritten, of permitting its school officials make false, fabricated, and/or manufactured accusations and allegations of crimes, wrongdoing, and/or misconduct by students and then failing to properly or adequately investigate complaints against school officials, and/or the subsequent "weak" investigation as which occurred as alleged herein. Instead, the School Board simply accepts, approves, and acquiesces to the conduct and investigation, if any, due to, and but-for their race.

126. Alternatively, Defendant is still liable in that Defendant also

ratified the violations of the Plaintiff's constitutional rights as described herein by approving and acquiescing to the conduct of STAROPOLI and to the decisions and the basis of the decision of the school officials involved in the incident and the violations of K.D.'S civil rights as described herein. To this point, the Defendant overtly and unequivocally accepted, approved and agreed to conduct of STAROPOLI, and the investigation into this matter, both verbally and in writing. Moreover, the School Board has taken no disciplinary, investigative or administrative action whatsoever against those involved in the trampling of K.D.'S, who was a minor/child at the time, civil rights, but instead, openly supported the conduct of STAROPOLI, the School, and the employees involved, and continues to do so.

127. As a direct and proximate result of Defendant's actions and omissions and actions by the Defendant Volusia and Holy Hills were engaged in the ongoing discriminatory conduct towards K.D. due to his race, which were sufficiently severe, pervasive and offensive so as to deny plaintiff educational benefits and a safe and secure learning environment, Plaintiff, K.D. suffered oppression, loss of dignity, emotional, psychological injuries, including nightmares, required parental counseling, required medical attention for physical, suffered a declination in her

grades, was subjected to insult, and suffered fear of returning to school or to Holly Hill. These damages are continuing, permanent or will continue in the future.

**Wherefore**, Plaintiffs seek compensatory damages, Attorneys fees, and costs, against Defendant, pursuant to 42 U.S.C. § 1988.

## IV.
## STATE LAW CLAIMS

### COUNT VI-FALSE ARREST/FALSE IMPRISONMENT RESPONDEAT SUPERIOR (F.S. §768.28) AGAINST VOLUSIA

128. Plaintiff re-alleges and incorporates paragraphs 1 – 71 as if pled herein.

129. This is a state law claim for damages in excess of the jurisdictional amount to which this Court has pendent or concurrent jurisdiction.

130. On or about October 24, 2022, Plaintiff K.D. was wrongfully charged, arrested and subjected to a continued wrongful detention until his release and the dismissal of the case against him as a result of the intentional conduct; false, fabricated and manufactured; lack of evidence and lack of probable cause or arguable probable cause as a result of illegal and unlawful actions of STAROPOLI an agent, employee, or representative of VOLUSIA, which led to K.D.'s charge and arrest. In

fact, the charges against K.D. were so weak and the State Attorney or Juvenile Justice Department dropped the case and dismissed the charge shortly thereafter.

131. Defendant, VOLUSIA its official capacity as VOLUSIA COUNTY SCHOOL BOARD, FLORIDA, a Florida municipal and/or political subdivision; (collectively "Defendant herein or VOLUSIA") or through its deputies, agents, or employees under respondeat superior, intentionally charged, detained and arrested Plaintiff after unlawfully and illegally having Plaintiff charged, stopped, seized and detained Plaintiff without probable cause or arguable probable cause.

132. VOLUSIA through its employee STAROPOLI and its administrators, including at HOLLY HILL, wrongfully and unlawfully charged, or had charge, detained, or had detained and had K.D. arrested without sufficient legal probable cause or arguable probable cause, arrested Plaintiff based on a bogus charge, and arrested Plaintiff based fabricated, false and manufactured allegations and accusations due to Plaintiff's race, and his vulnerability. Due to Defendant's agents' unlawful and illegal conduct neither probable cause nor arguable probable caused existed to charge, arrest or detain Plaintiff.

133. These acts were made in the scope of STAROPOLI'S

employment as an employee, representative or agent with the VOLUSIA. All said employees, representative or agents were on duty at the time of the acts herein.

134. As a direct, proximate, and foreseeable result of the acts and omissions of the Defendant's deputies, agents, employees, Plaintiff K.D. was wrongfully charged and arrested and incarcerated; was wrongfully charged and subject to prosecution; was forced to defend against scurrilous and fabricated criminal charges all resulting in the loss of liberty and freedom, loss of enjoyment of life; loss of reputation; humiliation, and related mental suffering and anguish.

WHEREFORE, Plaintiff K.D. demands judgment against Defendant VOLUSIA for compensatory damages, costs and demands trial by jury of all issues so triable.

**COUNT VII: FALSE ARREST/FALSE IMPRISONMENT AGAINST DEVON STAROPOLI**

135. Plaintiff re-alleges and incorporates paragraphs 1 – 71 as if pled herein.

136. This claim is for false arrest/false imprisonment under Florida State Law which prohibits, among other things, the warrantless arrests of citizens without probable cause and the arrest of citizens based on false, fabricated or manufactured allegations or accusations.

137. Defendant STAROPOLI was at all times material hereto a District Mental Health Counselor with VOLUSIA and in a prominent, managerial or supervisory position. At all times material, Defendant STAROPOLI was acting under color of state law and in the course and scope of her employment. Defendant, STAROPOLI is being sued in his individual capacity.

138. At the time of Defendant's activities in connection with the charge and arrest of K.D., Defendant violated Plaintiff's 4th Amendment Rights and rights under Florida Common Law to be free of unreasonable searches and seizure. To this end, Plaintiff was charge and arrested based on false, fabricated and manufactured allegations, accusations and statements by STAROPOLI and therefore, without probable cause or arguable probable cause.

139. All unlawful conduct of STAROPOLI was done without a warrant, and without Plaintiff's consent. In fact, all charges were summarily dismissed and dropped against Plaintiff K.D. STAROPOLI acted intentionally, and callous and reckless disregard for Plaintiff's rights under Florida law, and Fla. Stat. 768.28 (9).

140. The Defendant STAROPOLI knew or should have known that there was no legitimate basis to have K.D. charged and/or arrested

and that all unlawful, and illegal actions of STAROPOLI were based on false, fabricated and manufactured allegations and accusations, and that she initiated contact with K.D., and therefore, the charges and arrest of K.D. was not based on any violations of any laws by Plaintiff K.D., but instead, were purely based on the false, fabricated and manufactured allegations and accusation by STAROPOLI against Plaintiff.

141. As a direct and proximate result of STAROPOLI'S Conduct K.D. sustained permanent damages and injuries, including emotional distress, trauma and humiliation. The actions of Defendant STAROPOLI deprived Plaintiff of his constitutional rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. §1983, the Florida Constitution and Florida Common law and specifically deprived K.D., a ten (10) year old child, of the guaranteed rights and privileges, including the right and privilege to be free from false, fabricated and manufactured allegations and accusations by someone with authority over him; and from the unlawful seizure of his person and then falsely charged with crimes he did not commit.

**WHEREFORE**, Defendant STAROPOLI caused, actively engaged in, participated, in, and ratified the unlawful detention and false arrest/false imprisonment of Plaintiff K.D, and caused Plaintiff to suffer and continue

to suffer severe and substantial compensatory and general damages. Plaintiff K.D. also demands punitive damages.

**COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEVON STAROPOLI**

142. Plaintiffs incorporates and re-allege paragraphs 1-71 as if pleaded herein.

143. Defendant STAROPOLI Volusia is being sued in her individual capacity.

144. Plaintiffs sue STAROPOLI, and for their minor son K.D. for Intentional Infliction of Emotional Distress (IIED).

145. At all times material hereto, STAROPOLI conducted herself in an extreme outrageous and/ or unconscionable way against this disabled child Z.C. and his parents.

146. STAROPOLI'S unlawful acts against K.D. are not acceptable in a civilized society, and are beyond decency and are in fact horrendous, especially considering STAROPOLI was a mental health counselor and therefore, should not the emotional trauma such accusations would cause a child.

147. STAROPOLY knew the fabricated, false and manufactured allegations and accusations against K.D., that he

sexually assaulted her would cause K.D. severe and extreme emotional distress and trauma, especially considering K.D. trusted and look up to STAROPOLI as an authoritative figure at Holly Hill. Staropoli's conduct was intentional, reckless, and without disregard for Plaintiff's civil or human rights. No civilized society would see Staropoli's actions against K.D.as acceptable or tolerable conduct.

148. As a direct and proximate cause of STAROPOLI'S conduct, K.D. experienced severe and extreme emotional distress from the false, fabricated and manufactured allegations and accusations levied against him from being falsely arrested, falsely imprisonment, and other deprivations plead herein, to include significant humiliation, distress of nightmares, flashbacks, increased anxiety, depression, random crying, decreased socialization, fear, heightened fear, academic decline, mental anguish, decreased sense of self, loss of enjoyment, humiliation, and fear.

**WHEREFORE,** Plaintiff K.D. demands judgment against Defendant DEVON STAROPOLI for compensatory damages, punitive

damages, costs, attorneys' fees and demands trial by jury of all issues so triable.

## VI.
## JURY DEMAND

Plaintiffs respectfully requests a jury trial in this matter on all claims.

Respectfully Submitted this __19th **day of October 2026.**

/s/ Frank T. Allen
Florida Bar No. 0033464
Frank Allen, Esquire
2582 Maguire Rd.
Ocoee, Florida 34761
Telephone: (407) 481-8103
Email: Allen551@aol.com
Attorney for Plaintiffs

______________________
LAKESHA HOLLINS

______________________
EDWARD HOLLINS

______________________
KENDRICK DOUGLAS, JR.,